## Elbridge Hanecy, Appellant, v. John R. McLaughlin, Appellee.

### Gen. No. 15,150.

1. INSTRUCTIONS—*predicated upon evidence.* An instruction which authorizes a verdict upon a theory of law not supported by any evidence, is erroneous.

2. INSTRUCTIONS—*misleading as to theory of recovery.* An instruction calculated to mislead the jury and cause them to ignore a theory of recovery upon which a recovery is sought, is erroneous and ground for reversal.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed January 6, 1911.

ARTHUR A. O'BRIEN and JOHN F. GAVIN, for appellant; ROBERT J. FOLONIE, of counsel.

WINKLER, BAKER and HOLDER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant, Elbridge Hanecy, brought this action to recover for attorney's fees against John R. McLaughlin, appellee. Appellant's evidence tended to show that he was employed by Gordon Ramsay, a practicing attorney in Chicago, in a cause in equity, the facts of which are set forth in a bill in equity, a copy of which was offered in evidence. The bill was signed and sworn to by appellee McLaughlin, and was filed on behalf of the American Percheron Horse Breeders Association, a voluntary association, and appellee and others, naming them, being the officers and directors of the Association, and of certain others, naming them, being a committee authorized to represent the Association. The bill averred that it was filed on behalf of the Association and its members, who sue on behalf of themselves and all the members. Gordon Ramsay signed the bill as solicitor for complainants, and placed the name of appellant thereon as counsel. The affidavit of appellee McLaughlin to the bill states that he had read the bill and knew the contents thereof, and that the same was true, and "makes this affidavit and subscribes said bill on behalf of himself and on behalf of all other members of said Association similarly associated and affected." The evidence of appellant shows the services rendered in the litigation without dispute.

At the time appellant was retained he requested a retainer of $1,000, and presented a bill therefor in August, 1903. In October, 1903, appellee gave his check to appellant for $500 on account as treasurer of the Association, and requested appellant to wait until November, 1903, for the other $500, which he would send after November 25, 1903.

According to the evidence appellant rendered services in the litigation of the value of $2,600 or $3,000, but by an arrangement with Ramsay he rendered a bill to appellee for retainer and services for the amount of $2,000, with a credit for the $500 which had been paid by McLaughlin. Appellant introduced in evidence the testimony of three attorneys besides his own testimony, to the effect that $2,000 was less than the usual and customary fee for the services detailed in the record. The amount of the usual and customary fee for the services shown was not controverted on the trial, nor was there any controversy that only $500 had been paid by McLaughlin to Hanecy to apply on the fee for services rendered.

The jury returned a verdict for the defendant. After overruling a motion for a new trial the court entered judgment on the verdict.

On the trial the court gave the following instruction:

"The court instructs you that if you believe from the evidence that defendant was liable to plaintiff and that there was no specified sum agreed upon as compensation for plaintiff, then he is entitled to reasonable compensation for services rendered, and if you believe from the evidence that he has already received such reasonable compensation, then you will find for the defendant."

This instruction is erroneous for the reason that it directs a verdict, and that there was no evidence before the jury upon which to base it. The only evidence in the case of reasonable compensation for services rendered was that the services were reasonably worth not less than $2000. There was no evidence that $500 was reasonable compensation. Nevertheless, the instruction permitted and authorized the jury to find that appellant had received reasonable compensation for his services. The instruction was erroneous.

We are of the opinion that there is nothing in the first instruction asked by appellant and given by the court which estops or prevents appellant from excepting to the instruction and assigning error on it.

After the jury had retired to consider its verdict, it asked the court in writing the following question:

"Is an individual member liable for the contracts or indebtedness of a defunct voluntary association?"

And thereupon, in answer to the written question put by the jury, the court gave to the jury the following instruction:

"You are instructed that an individual member of a defunct voluntary association, not organized for the purpose of conducting a business for a profit, is not liable for its contracts merely by reason of his membership therein.    If, however, such an association be organized, for the purpose of conducting a business for profit, then a member would be liable for its contracts because of his membership therein."

The question of the jury clearly indicates that they misconceived the true theory of appellant's case and were considering the case as based entirely and exclusively upon the liability of the defendant, appellee, being a member of the voluntary association, which at the time of the trial had ceased to exist.    Whereas the theory of liability for the services rendered, as stated in the pleadings, is that the contract for the services was made or ratified by the appellee McLaughlin himself and for his own benefit, as well as for the benefit of the Association and other members of the Association.

There is evidence in the record tending to support the issues presented by the pleadings, and appellant was entitled to have that issue submitted to the jury and passed upon by them.    While some things occurred on the trial which indicated that the plaintiff appellant relied upon appellee's liability by reason of his membership in the Association, the theory of a personal contract was not abandoned or waived by appellant. The instruction, though it may be acccurate in a case where the member of an association had done or said nothing tending to show a personal contract, or that he was personally identified in any way with the transaction and was a stranger to it and had no relation to it

in any way, except by or through his membership in an association, or, had contracted for and on behalf of the association with the express understanding and stipulation that he assumed no personal liability, was misleading and therefore erroneous, under the pleadings and proofs in this case.

The cause was not properly submitted to the jury, and the judgment is therefore reversed and the case is remanded for a new trial.

*Reversed and remanded.*